**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division**

In re:

Donald Wayne Andrews, Jr.,                    Case No. 14-36384-KRH

               Debtor.                Chapter 7

_____

**UNITED STATES TRUSTEE'S RESPONSE TO MOTION
FOR PROTECTIVE ORDER OF EDUCATION RECORDS**

_____

Judy A. Robbins, the United States Trustee for Region Four (the "U.S. Trustee")[1], by counsel, hereby responds to the Motion To For Protective Order Of Education Records (the "Protective Order Motion") filed by the above-captioned debtor, Donald Wayne Andrews, Jr. (the "Debtor") and states as follows:

    1.      On November 28, 2014, the Debtor filed *pro se* a bankruptcy Case under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § § 101, et seq. (the "Bankruptcy Code").

---

[1] United States Trustees are senior officials of the Department of Justice appointed by the Attorney General of the United States to "supervise the administration of [bankruptcy] cases." 28 U.S.C. §581 - 589. *See generally Morgenstern v. Revco D.S. Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir 1990). United States Trustees serve as bankruptcy "watchdogs ... prevent[ing] fraud, dishonesty, and overreaching in the bankruptcy arena." *A-1 Trash Pickup v. United States Trustee (In re A-1 Trash Pickup)*, 802 F.2d 774, 775 (4th Cir. 1986)(quoting 989, 95th Cong.2d Sess. 88, 1978 U.S.C.C.A.N. 5787, 5963, 6049). As such, United States Trustees act in the "public interest ... ensuring that bankruptcy cases are conducted according to law." *In re Clark*, 927 F.2d 793, 795 (4th Cir. 1991). To this end, Congress has provided that "[t]he United States trustee may raise and may appear and be heard on any issue in any case or proceeding" under Title 11 of the United States Code. 11 U.S.C. § 307. *See Clark*, 927 F.2d at 796.

---

Robert B. Van Arsdale, AUST (Va. Bar No. 17483)
Shannon Pecoraro, Esq. (Va. Bar No. 46864)
Office of the United States Trustee
701 East Broad Street - Suite 4304
Richmond, VA 23219
Telephone (804) 771-2310
Facsimile (804) 771-2330

2.      On November 29, 2014, Sherman B. Lubman (the "Chapter 7 Trustee") was appointed Chapter 7 Trustee and continues to serve as trustee in this case.

3.      On December 17, 2014, the Debtor filed a Motion with this Court under seal (the "Sealed Motion").[2]

4.      On December 19, 2014, this Court entered a Sealed Order (the "Sealed Order").

5.      The § 341 Meeting of Creditors in this case was held on December 23, 2014 (the "341 Meeting").  The 341 Meeting was adjourned to February 3, 3015.

6.      A representative of the U.S. Trustee's office attended the 341 Meeting and, along with the Chapter 7 Trustee, asked the Debtor certain questions under oath.

7.      Additionally, counsel for Wolcott Rivers Gates, William D. Bayliss, Esq., attended the 341 Meeting and asked the Debtor questions under oath.

8.      During the course of the 341 Meeting, the Debtor refused to answer various questions, repeatedly referenced the Sealed Order, and was generally uncooperative.

9.      At the end of the 341 Meeting, the representative for the U.S. Trustee advised the Debtor that the Office of the U.S. Trustee would send a letter to him requesting certain documentation and information in furtherance of her duties under the Bankruptcy Code.

10.      On December 23, 2014, Robert B. Van Arsdale, Assistant U.S. Trustee (the "Assistant U.S. Trustee"), sent a letter to the Debtor requesting documentation and information from the Debtor and requesting a response by no later than January 16, 2015.  Along with the letter, the Assistant U.S. Trustee included a copy of the Debtor Order (docket entry 9).  A copy of the letter with attachments is attached hereto as Exhibit A.

11.      On January 28, 2015, the Assistant U.S. Trustee received a response from the Debtor that failed to comply with the majority of the requests in the letter.  A copy of the Debtor's response is attached hereto as Exhibit B.

---

[2] Pursuant to Bankruptcy Code § 107(c)(3), "[t]he United States trustee, bankruptcy administrator, trustee and any auditor serving under 586(f) of title 28 – (A) shall have full access to all information contained in any paper filed or submitted in a case under this title; and (B) shall not disclose information specifically protected by the court under this title." 11 U.S.C. § 107(c)(3) (2014).

12.    On January 26, 2015, the Debtor Filed the Protective Order Motion.

13.    The Protective Order Motion is set for hearing on February 11, 2015.

14.    In the Protective Order Motion, the Debtor makes various allegations with regard to the Office of the U.S. Trustee and asserts that his educational background is protected and privileged by the Family Education and Privacy Act, 20 USC 1232g.

15.    On the same day, the Debtor filed an Emergency Motion To Adjourn February 3, 2015 Meeting of Creditors, which matter has not been set for hearing.

16.    On January 27, 2015, the Chapter 7 Trustee sent the Debtor a letter agreeing to adjourn the 341 Meeting to March 17, 2015 as a courtesy to the Debtor.  A copy of the Chapter 7 Trustee's letter is attached hereto as Exhibit C.

17.    Bankruptcy Rule 7026(c), though applicable in adversary proceedings, offers some guidance with regard to the issuance of protective orders and provides, as follows:

(c) PROTECTIVE ORDERS.

(1) *In General.* A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

(A) forbidding the disclosure or discovery;

(B) specifying terms, including time and place, for the disclosure or discovery;

(C) prescribing a discovery method other than the one selected by the party seeking discovery;

(D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;

(E) designating the persons who may be present while the discovery is conducted;

(F) requiring that a deposition be sealed and opened only on court order;

> (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and
>
> (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

(2) *Ordering Discovery.* If a motion for a protective order is wholly or partly denied, the court may, on just terms, order that any party or person provide or permit discovery.

(3) *Awarding Expenses.* Rule 37(a)(5) applies to the award of expenses.

18.      The Debtor has not filed any certification that he in good faith conferred or attempted to confer with affected parties or to resolve the issue without Court action.

19.      The Debtor has not attempted to confer with the U.S. Trustee in an effort to resolve the issue.

20.      The Debtor has not established any cause for this Court to grant his motion.

21.      Based on the Debtor's history in this case, it seems that the Debtor is attempting to thwart the efforts of the U.S. Trustee and Chapter 7 Trustee to perform their duties under the Bankruptcy Code.

22.      Further, the Debtor's failure to cooperate is in violation of the Debtor Order.

23.      Transparency in bankruptcy proceedings is of critical importance to public confidence in the fairness and integrity of the proceedings.

24.      The Debtor has voluntarily filed his bankruptcy petition with the ultimate goal of receiving a discharge of debts.

25.      With limited exceptions, debtors must be an open book when seeking relief through bankruptcy.

26.      The U.S. Trustee has determined that there is reason to request certain information and documentation from this Debtor in furtherance of her duties under the Bankruptcy Code.

WHEREFORE, the U.S. Trustee respectfully requests this Court enter an Order denying the Protective Order Motion and for such further relief as the Court deems appropriate and just.

Respectfully submitted,

Judy Robbins
United States Trustee
Region Four

By: /s/Robert B. Van Arsdale
          Robert B. Van Arsdale
          Assistant U.S. Trustee


## CERTIFICATE OF SERVICE

I, the undersigned do hereby certify that on February 6, 2015, I caused to be mailed a true and correct copy of the above and foregoing, with postage fully prepaid herein, via U.S. Mail, to the following parties:

    Donald Wayne Andrews, Jr.

    2408 Burgage Lane

    S. Prince George, VA 23805

The Court has electronically mailed the document to the following persons or all other necessary parties, including, the Debtor's attorney and the Chapter 7 Trustee.

    /s/ Robert B. Van Arsdale
    Robert B. Van Arsdale, Esq., AUST (Va. Bar No. 17483)
    Shannon Pecoraro, Esq. (Va. Bar No. 46864)
    Office of the United States Trustee
    701 East Broad Street, Suite 4304
    Richmond, VA 23219
    Telephone (804) 771-2310
    Facsimile (704) 771-2330





**U.S. Department of Justice**

*Office of the United States Trustee*
*Region Four*
*Eastern District of Virginia*
*Richmond Division*

*701 East Broad Street, Suite 4304*                    *(804) 771-2310*
*Richmond, Virginia 23219*                           *Fax (804) 771-2330*

December 23, 2014

Donald Wayne Andrews, Jr.
2408 Burgage Lane
S. Prince George, VA  23805

   Re:   Bankruptcy Case No. 14-36384-KRH

Dear Mr. Andrews:

In furtherance of my duties under 28 U.S.C. § 586, 11 U.S.C. §§ 707 and 727, I am writing to you to request documents to further investigate the bankruptcy case filed by you, designated as Bankruptcy Case 14-36384-KRH.  Please provide the following documents to the address listed above no later than January 16, 2014.

1.   Documentation of household income or other money received during the six (6) month period preceding your bankruptcy petition date.
2.  Statements for all banking, credit union, mutual fund, stock, retirement, etc., accounts in your name, whether individually or jointly held, for the 2 year period preceding your bankruptcy petition date.  Please include any accounts which may have been closed during this time period.
3.  Complete tax returns for 2007 through 2013, including all attachments, such as w-2's, 1099's, etc.  If you were not required to file a tax return for a certain year, please so state.
4.  Valuation for the Rolex listed in your schedules.
5.  Policy information for all life insurance policies owned by you or on your life, which were in existence on the bankruptcy petition date.  Please make sure the documentation provided clearly states whether the policy has cash value or is term.
6.  Copy of title, documentation of liens, and valuation of any vehicles in your name.
7.  Amend Schedules as directed at the 341 Meeting to address deficiencies noted in your schedules, including but not limited to, a) Schedule B to include claims and potential claims and life insurance, b) Schedule I to disclose your occupation, employer, employer address and length of employment, c) SOFA 1 to accurately disclose prior income.
8.  Details regarding your educational background.
9.  Copies of complaints filed in any pending lawsuits in which you are a plaintiff.

I have also attached a copy of the Debtor Order for your review to remind you of your Court ordered duties in this case.  Please feel free to contact me if you have any questions at (804) 771-2310.  Thank you for your anticipated cooperation.

     Sincerely,

     Robert B. Van Arsdale
     Assistant U.S. Trustee

cc: Sherman B. Lubman, Chapter 7 Trustee

# United States Bankruptcy Court

**Eastern District of Virginia**

Richmond Division
701 East Broad Street
Richmond, VA 23219

**Case Number**   14–36384–KRH

**In re:**

**Chapter**  7

Donald Wayne Andrews Jr.
2408 Burgage Lane
S. Prince George, VA 23805

**SSN:**  xxx–xx–0072        **EIN:**  NA

### Order to Debtor

An order for relief having been entered herein pursuant to Title 11 U.S.C. Chapter 7 upon a petition filed by you in the United States Bankruptcy Court; **it is ORDERED that,**

You shall safely care for, protect and preserve all of your property.

You shall not sell, refinance, transfer, remove, destroy, mutilate or conceal any of your property, and you shall make all or any part thereof available to the trustee, when requested to do so.

You shall not turn over any of your property to any creditor or party in interest without the bankruptcy Trustee's knowledge and consent, unless so ordered by the United States Bankruptcy Court.

You shall preserve all recorded information, including books, documents, records and papers, from which your financial condition or business transactions might be ascertained and make the same available to the United States Bankruptcy Court and/ or the Trustee when requested to do so.

You shall cooperate with the Trustee as is necessary to enable the Trustee to perform the Trustee's duties as required by law.

You shall make available and turn over to the Trustee any property that you acquire or become entitled to acquire within 180 days after the date of the filing of your bankruptcy petition, if such property or your rights to acquire such property is by bequest, devise or inheritance; or by the terms or provisions of a property settlement agreement with your spouse or by any divorce decree; or as a beneficiary of a life insurance policy or of a death benefit plan.

At least 7 days before the first scheduled meeting of creditors, you shall provide to the trustee: (A) a copy of your federal tax return, including any attachments, for the most recent tax year ending immediately before your petition filing date and for which a return was filed, a transcript of such tax return, or a written statement that the documentation does not exist; and (B) all payment advices or other evidence of payment received within 60 days before the petition filing date from your employer. Not later than the meeting of creditors, you also shall provide to the trustee: statements for each of your depository and investments accounts, including checking, savings, money market, mutual funds, and brokerage accounts, for the period that includes your petition filing date, or a written statement that the documentation either does not exist or is not in your possession. The Court may dismiss your case if such documentation is not provided.

You shall personally appear at a meeting of creditors on the date and time and at the place set by the U. S. Trustee as set forth in a notice which you have or will soon receive. That meeting may be adjourned and subsequently reconvened by the Trustee and, if so, you shall appear on the date and time scheduled.

At the Trustee's request, you shall make all reasonable efforts to provide the Trustee with your homestead deed, if any, and any and all deeds to real property, as well as documentation evidencing the liens on all of your encumbered assets and any other documentation requested by the Trustee. You shall promptly file any and all necessary amendments, modifications or clarifications to any schedules or statements as requested by the Trustee.

Before your case is closed, you shall immediately advise the Court and the Trustee, in writing, of any change of your address. You are advised that it is your responsibility to review any returned mail which needs a corrected address.

You shall obey all orders of the United States Bankruptcy Court and your responsibility for doing so does not cease even after a discharge is granted. The discharge does not conclude your bankruptcy case. A discharge may be revoked, for cause.

Dated:  December 2, 2014

For the Court,

William C. Redden, Clerk
United States Bankruptcy Court

[ VAN006vAug2010.jsp ]

United States Bankruptcy Court
Eastern District of Virginia

In re:                                                                    Case No. 14-36384-KRH
Donald Wayne Andrews, Jr.                                                 Chapter 7
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0422-7          User: bullockn          Page 1 of 1          Date Rcvd: Dec 02, 2014
                             Form ID: VAN006          Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 04, 2014.
db            +Donald Wayne Andrews, Jr.,    2408 Burgage Lane,    S. Prince George, VA 23805-7419

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                      TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                                      TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security
Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the
bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 04, 2014                          Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on November 29, 2014 at the address(es) listed below:
          Sherman B. Lubman    lubmans@comcast.net,  slubman@ecf.epiqsystems.com
                                                                        TOTAL: 1

Robert B. Van Arsdale
U.S. Department of Justice
Office of the United States Trustee
Region Four
Eastern District of Virginia
Richmond Division


Donald Andrews
2408 Burgage Lane
S. Prince George, VA 23805

     Re:    Bankruptcy Case No. 14-36384-KRH

Dear Mr. Van Arsdale:

In furtherance of my obligation under the Order to Debtor dated December 2, 2014, I am
writing to you to provide the documentation you requested:

1. The documentation of household income during six (6) months proceeding the
   bankruptcy petition has been provided previously to Trustee Lubman in the form
   of bank statements.
2. Statements of all banking, credit union, mutual fund, stock, retirement, etc., for
   the 2 year period proceeding the bankruptcy petition have been requested. Please
   find the letter of request enclosed.
3. I do not have completed tax returns for 2007 through 2013. These documents do
   not exist. Pursuant to 11 U.S.C. §521(e)(2)(B) which states I must provide Federal
   income tax returns "for which a Federal income tax return was filed", I have not
   filed a Federal or state income tax return since 2006. As I stated to Trustee
   Lubman, I am not entitled to any form of tax refund for these years, and most of
   these years I was not required to file taxes.
4. The valuation listed in my schedules of my Mens Submariner Rolex Watch is my
   evaluation, which was used on all of my possessions listed. I suspect a pawn
   brokers evaluation would be considerably less. As I stated to Trustee Lubman, I
   am planning to file a homestead deed for the value of the watch.
5. Please find enclosed my life insurance policy information. I do not have a life
   insurance policy with a cash value.
6. Please find enclosed documentation of lien and valuation of my vehicle.
7. I am currently making the requested amendments to my schedules to include
   Schedule B, and SOFA 1. I will not disclose the identity of my employer. There is
   currently a motion pending to file the identity of my employer under seal with this
   Court. Due to the technical nature of these amendments, I will need more time to
   provide the amended schedules. I hope to have them completed this week.
8. Please find enclosed a motion for protective order for educational records and a
   motion to adjourn the Creditors Meeting scheduled February 3, 2015 at 1:00 pm..

9. Some of the lawsuits listed in my schedules are no longer "pending" and Trustee Lubman has requested I list all potential lawsuits which will require more time than the two weeks allotted. I hope to have this completed this week.

Please feel free to contact me in writing should you have further questions or concerns.

Donald Andrews
2408 Burgage Lane
S. Prince George, VA 23805

Wells Fargo
Downtown Petersburg Branch
20 Franklin Street
Petersburg, VA 23803


Donald Andrews
2408 Burgage Lane
S. Prince George, VA 23805

Date: January 12, 2015


Wells Fargo,

 I would like to request bank statements for ██████████████. I would like bank
statements for the account for the two years proceeding December 1, 2014. Please also
include cancelled checks for the account. If there is a cost for this, please send me notice
of the exact and total costs in writing. Your attention to this matter is greatly appreciated.

                                        Regards,
                                        Donald Andrews
                                        2408 Burgage Lane
                                        S. Prince George, VA 23805

## LIFE INSURANCE

Provides full-time employees with basic group life insurance and accidental death and dismemberment insurance.

• Group life insurance (2x salary) without a medical examination at no charge that includes:
• Natural death benefits
• Double the natural death benefit for an accidental death
• Dismemberment payments for accidental loss of one or more limbs or loss of sign in one or both eyes
• Accelerated death benefit for a terminal medical condition
• Felonious Assault benefits
• Optional Group Life Insurance – allows full-time employees to purchase additional protection for
themselves, spouse, and/or eligible children.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

In re: Donald Wayne Andrews, Jr.                    Case No.: 14-36384-KRH

                                                    Chapter: 7

## EMERGENCY MOTION TO ADJOURN FEBRUARY 3, 2015 MEETING OF CREDITORS

COMES NOW Petitioner, and moves this honorable Court to adjourn the Meeting of Creditors scheduled February 3, 2015 at 1:00 pm. In support of this motion Petitioner states as follows:

1. Petitioner has filed several motions to be considered by this honorable Court.

2. Petitioner's motions are now pending with this Court and Petitioner is unable to properly proceed.

3. Petitioner will be unduly prejudiced by being compelled to attend said Meeting of Creditors.

WHEREFORE, Petitioner respectfully prays the Court order the Meeting of Creditors be adjourned until the Court has an opportunity to hear the pending motions.

Date: 1/25/2015

Donald Wayne Andrews, Jr.
2408 Burgage Lane
S. Prince George, VA 23805
(757) 701-6904

## CERTIFICATE OF SERVICE

I hereby certify that a copy of EMERGENCY MOTION TO ADJOURN FEBRUARY 3, 2015 MEETING OF CREDITORS was mailed via first class mail on January 26, 2015 to:

U.S. Department of Justice
Office of the United States Trustee
701 E. Broad Street
Suite 4303
Richmond, VA 23219

Donald W. Andrews Jr., Plaintiff
2408 Burgage Lane
Petersburg, VA 23805

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

In re: Donald Wayne Andrews, Jr.                    Case No.: 14-36384-KRH

                                                    Chapter: 7

## MOTION TO FOR PROTECTIVE ORDER OF EDUCATION RECORDS

COMES NOW Petitioner, and moves this honorable Court for a protective order of petitioner's education records. In support of this motion Petitioner states as follows:

1. Trustees Lubman and Pecoraro have requested several times that Petitioner disclose "Details regarding [Petitioner's] education background", and both Lubman and Pecoraro accused Petitioner several times of committing bankruptcy fraud by not disclosing "if [Petitioner] earned a diploma in school".

2. The information/documents requested are protected and privileged by the Family Education Rights and Privacy Act (FERPA) 20 USC 1232g.

3. The U.S. Trustee has demanded on several occasions Petitioner disclose his education background, which is utterly ridiculous, and not germane to Petitioner's bankruptcy petition.

4. Petitioner has properly disclosed all financial information related to his educational loans, and the Trustees Office has taken this disclosure as an invitation to go on a fishing expedition. The Trustees Office is clearly asking for elaborate and unnecessary documentation in an effort to seek a dismissal of the bankruptcy petition for non-compliance. All of this in an attempt to afford the attorneys from Wolcott Rivers Gates another attempt to have Petitioner incarcerated for attorneys fees.

5. The Petitioners filing of his bankruptcy petition in no way waives the protections afforded under the Family Education Rights and Privacy Act (FERPA) 20 USC 1232g.

6. Petitioner has a Fourth Amendment Right to Privacy and Section 107 does not mandate the disclosure of education records which are unnecessary for the Trustee to make an educated decision in regard to the bankruptcy petition.

WHEREFORE, Petitioner respectfully prays the Court enter an order allowing Petitioner not to disclose his education records.

Date: 1/25/2015

Donald Wayne Andrews, Jr.
2408 Burgage Lane
S. Prince George, VA 23805
(757) 701-6904

## CERTIFICATE OF SERVICE

I hereby certify that a copy of MOTION TO FOR PROTECTIVE ORDER OF EDUCATION

RECORDS was mailed via first class mail on January 26, 2015 to:

U.S. Department of Justice
Office of the United States Trustee
701 E. Broad Street
Suite 4303
Richmond, VA 23219

Donald W. Andrews Jr., Plaintiff
2408 Burgage Lane
Petersburg, VA 23805



**Kelley Blue Book** The Trusted Resource®

Get a quote 24/7/365 and get
discounts up to 40% on auto insurance.
*Not available in all states

&State Farm·

Get A Quote ▸

Advertisement                                      Why ads?

# 2007 Ford Crown Victoria Pricing Report

**Style:** Sedan 4D
**Mileage:** 166,000

### Sell To Private Party



Fair Condition $1,895
Good Condition $2,600
Very Good Condition $2,944
Excellent Condition $3,028

PRIVATE PARTY RANGE

Private Party Values valid for your area through
1/29/2015

## Vehicle Highlights

**Fuel Economy:**
City 15/Hwy 23/Comb 18 MPG

**Max Seating:** 6

**Doors:** 4

**Engine:** V8, 4.6 Liter

**Drivetrain:** RWD

**Transmission:** Automatic

**EPA Class:** Large Cars

**Body Style:** Sedan

**Country of Origin:** United States

**Country of Assembly:** Canada

## Your Configured Options

Our pre-selected options, based on typical equipment for this car.

✓ Options that you added while configuring this car.

**Engine**
V8, 4.6 Liter
**Transmission**
Automatic
**Drivetrain**
RWD
**Braking and Traction**
ABS (4-Wheel)

**Comfort and Convenience**
Air Conditioning
Power Windows
Power Door Locks
Cruise Control
**Steering**
Power Steering
Tilt Wheel
**Entertainment and Instrumentation**
AM/FM Stereo
CD (Single Disc)
**Safety and Security**
Dual Air Bags

**Seats**
Power Seat
**Wheels and Tires**
Steel Wheels

## Glossary of Terms

**Kelley Blue Book® Trade-In Value -** This is the amount you can expect to receive when you trade in your car to a dealer. This value is determined based on the style, condition, mileage and options indicated.

**Trade-In Range -** The Trade-In Range is Kelley Blue Book's estimate of what you can reasonably expect to receive this week based on the style, condition, mileage and options of your vehicle when you trade it in to a dealer. However, every dealer is different and values are not guaranteed.

**Tip:**

It's crucial to know your car's true condition when you sell it, so that you can price it appropriately. Consider having your mechanic give you an objective report.

**Kelley Blue Book® Private Party Value** - This is the starting price for negotiation of a used-car sale between a private buyer and seller. This is an "as is" value that does not include any warranties. The final price depends on the car's actual condition and local market factors.

**Private Party Range** - The Private Party Range is Kelley Blue Book's estimate of what you can reasonably expect to receive this week for a vehicle with stated mileage in the selected condition and configured with your selected options, excluding taxes, title and fees when selling to a private party.

**Excellent Condition** - 3% of all cars we value. This car looks new and is in excellent mechanical condition. It has never had paint or bodywork and has an interior and body free of wear and visible defects. The car is rust-free and does not need reconditioning. Its clean engine compartment is free of fluid leaks. It also has a clean title history, has complete and verifiable service records and will pass safety and smog inspection.

**Very Good Condition** - 23% of all cars we value. This car has minor wear or visible defects on the body and interior but is in excellent mechanical condition, requiring only minimal reconditioning. It has little to no paint and bodywork and is free of rust. Its clean engine compartment is free of fluid leaks. The tires match and have 75% or more of tread. It also has a clean title history, with most service records available, and will pass safety and smog inspection.

**Good Condition** - 54% of all cars we value. This car is free of major mechanical problems but may need some reconditioning. Its paint and bodywork may require minor touch-ups, with repairable cosmetic defects, and its engine compartment may have minor leaks. There are minor body scratches or dings and minor interior blemishes, but no rust. The tires match and have 50% or more of tread. It also has a clean title history, with some service records available, and will pass safety and smog inspection.

**Fair Condition** - 18% of all cars we value. This car has some mechanical or cosmetic defects and needs servicing, but is still in safe running condition and has a clean title history. The paint, body and/or interior may need professional servicing. The tires may need replacing and there may be some repairable rust damage.

© 1995-2015 Kelley Blue Book Co.®, Inc. All rights reserved.

© 2015 Kelley Blue Book Co., Inc. All rights reserved. 1/23/2015 1/29/2015 Edition for Virginia 23805. The specific information required to determine the value for this particular vehicle was supplied by the person generating this report. Vehicle valuations are opinions and may vary from vehicle to vehicle. Actual valuations will vary based upon market conditions, specifications, vehicle condition or other particular circumstances pertinent to this particular vehicle or the transaction or the parties to the transaction. This report is intended for the individual use of the person generating this report only and shall not be sold or transmitted to another party. Kelley Blue Book assumes no responsibility for errors or omissions. (v.15014)



**Virginia Department of Motor Vehicles**
P.O. Box 27412 Richmond, Va. 23269-0001

TRANSCRIPT OF VEHICLE RECORD AS OF  01/26/2015

PAGE: 1

RSN FOR REQ: PERSONAL USE

REQUESTED FOR:
ANDREWS JR,DONALD WAYNE
2408 BURGAGE LN
PETERSBURG VA 23805-7419

USER ID: ███████
LOC: 642

REQUESTED BY:
ANDREWS JR,DONALD WAYNE
2408 BURGAGE LN
PETERSBURG VA 23805-7419


INFORMATION PROVIDED BY REQUESTOR: 2FAHP71W07X105276

VEHICLE OWNER(S) - NAME/ADDRESS:                    CUSTOMER NUMBER:
 ANDREWS JR,DONALD WAYNE
 2408 BURGAGE LN                                    ██████████
 PETERSBURG VA 23805-7419

VEHICLE TITLE INFORMATION:
        TITLE NO: 73989390          VEHICLE MAKE: FORD
     TITLE EST DT: 02/18/2014          BODY TYPE: 4D SDN
      PURCHASE DT: 02/17/2014              MODEL: CROWN VICTORIA
     VEHICLE YEAR: 2007                      VIN: 2FAHP71W07X105276
  EMPTY/GROSS WGT: 3,974                GVWR/GCWR:
         ODOMETER: 144,000         ODOMETER TYPE: ACTUAL MILEAGE
      SALES PRICE: 1,700.00         SALES TAX PD: 75.00
         DLR PROC:                      PROC TAX:
      DISPOSITION:                DISPOSITION DT:
     NCIC CHECKED: NO        REPLICA ASSEMBLY YEAR: 0000
    OWNERSHIP DOC: VIRGINIA
           DEALER: INDIVIDUAL
      CURRENT VCO: BROWN/
     ORIGINAL VCO: BROWN/
  PPTR VEHICLE USE: PERSONAL

VEHICLE REGISTRATION INFORMATION:
   CURRENT PLATE#: WVR3354              PLATE TYP: PASSENGER



**Virginia Department of Motor Vehicles**
P.O. Box 27412 Richmond, Va. 23269-0001

```
    PLATE STATUS: RENEWAL           ISSUE REASON: 1ST ISSUE
    VEHICLE USE: PRIVATE          RENEWAL UPDATE: 09/15/2014
      INSURANCE: YES            PLATE EXPIRE DT: 09/30/2016
UNINSURED-FEE-PD: NO         METAL PLATE ISS DT: 09/21/2012
LOCAL VEH REGIST: NO
```

NO PRIOR REGISTRATION INFORMATION ON FILE

LIEN1: STAT DT:02/18/2014 TYPE:ORI
  EDWARD HESS
  324 N. PINE ST
  LANSING MI 48933
  FILING DATE: 02/18/2014

OTHER VEHICLE INFORMATION: NONE ON FILE

ADDITIONAL OWNER ADDRESS INFORMATION:

                              CUSTOMER DWELLING:


                         23805-7419


                 PLEASE NOTE:  IT IS UNLAWFUL TO USE THE INFORMATION FURNISHED ON
                 THIS TRANSCRIPT FOR ANY PURPOSE OTHER THAN THAT STATED AS YOUR
                 REASON.

THIS ENDS TRANSMISSION.



Virginia Department of Motor Vehicles
P.O. Box 27412 Richmond, Va. 23269-0001

Date: 1/26/2015                                    Receipt#: 6422600521

                                                   Customer Copy

Received of: ANDREWS JR,DONALD,WAYNE


The Amount due of $8.00 in Payment For Vehicle Transcript


VEHICLE TRANSCRIPT............      $8.00        Amt Due:        $8.00
                                                 Amt Paid
                                                     Cash:       $8.00


By: _____         Teller:       DMVSC4
          (Authorized Signature)             Location:     RICHMOND CENTRAL/HQ CSC
                                             Settlement#:  6425026001
                                             Log#:         00521
                                             Date Paid:    01/26/15
                                             Customer #:   ████████
                                             Title #:      73989390
                                             VIN:          2FAHP71W07X105276



            Acknowledgement of Monies Received

Exhibit C

# LAW OFFICE
## SHERMAN B. LUBMAN
### 4120 Bush Lake Drive
### P.O. Box 5757
### Glen Allen, VA 23058-5757

Phone: (804) 290-4490                                    E-Mail:
Fax    :  (804 290-4250                                    lubmans@comcast.net

January 28, 2015

Mr. Donald Wayne Andrews, Jr.
3408 Burgage Lane
S. Prince George, VA 23805
PRINCE GEORGE, VA 23805

          RE:    DONALD WAYE ANDREWS JR.
                   Bankruptcy Case No. 14-36384-KRH

Dear Mr. Andrews:

          I have reviewed your "Motion to Adjourn February 3 Meeting of Creditors".  As a
courtesy to you I will adjourn your Meeting of Creditors to March 17, 2015, at 1:00 P.M.
As a result your attendance will not be required on February 3.  I will expect you to
attend on March 17.

Very truly yours,


Sherman B. Lubman, Trustee


cc      Robert B. Van Arsdale, Assistant U.S. Trustee
          Shannon Pecoraro, Trial Attorney, U.S. Trustee Office